IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSUMER PROGRAM ADMINISTRATORS, INC., an Illinois corporation, and RESOURCE DEALER GROUP, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JIM RATHMANN CHEVROLET, a Florida corporation, PBC INVESTMENTS, L.C., a Florida limited-liability company, and JAMES T. RATHMANN, a Florida citizen,<br><br>Defendants. | Case No. 07 CV 3983<br><br>Judge Lefkow<br><br>Magistrate Judge Denlow |

## MOTION TO AWARD DAMAGES AND ENTER JUDGMENT AGAINST DEFENDANT JIM RATHMANN CHEVROLET

Plaintiffs, CONSUMER PROGRAM ADMINISTRATORS, ("CPA"), and RESOURCE DEALER GROUP, INC., ("RDG"), (collectively, "Plaintiffs"), by and through their attorneys, respectfully request the Court to award damages and enter judgment for those damages against Defendant JIM RATHMANN CHEVROLET ("JRC"), which the Court has found to be in default. In support hereof, Plaintiffs state as follows:

### BRIEF BACKGROUND

On July 16, 2007, Plaintiffs filed their Complaint against Defendants, JRC, PBC Investments, L.C. ("PBC") and James T. Rathmann ("Rathmann"), for breaches of contractual duties contained in a Promissory Note ("Note"), an Agreement To Do Business ("ATDB"), Administrative Agreements, and a Guarantee Agreement entered into by and between the parties.

Defendant JRC was a signatory to the Agreement to Do Business ("ATDB"), the Administrative Agreements and the Guarantee Agreement.

Defendant JRC was personally served with the Summons and Complaint in this matter on July 23, 2007. Defendant JRC does not have a pending appearance on file in this case, and has not answered or otherwise pleaded in response to Plaintiffs' Complaint, despite service of the Summons and Complaint, notice of the lawsuit, and several extensions of Defendant JRC's response date. On October 2, 2007, the Court entered an order requiring Defendant JRC to answer or otherwise plead in response to Plaintiffs' Complaint by October 15, 2007, and the Court made clear that this was the "final extension" of the response deadline. Defendant JRC did not answer or otherwise plead in response to Plaintiffs' Complaint.

On October 24, 2007, Plaintiffs filed their motion for entry of default judgment against Defendant JRC. On November 8, 2007, the Court granted that motion and set a hearing date for prove-up of November 20, 2007. Plaintiffs hereby file this Motion to establish the damages to which they are entitled in connection with a final judgment against Defendant JRC.

## ARGUMENT

**I. PLAINTIFF CPA IS ENTITLED TO AN AWARD AGAINST DEFENDANT JRC OF $2,181,730.02 FOR ITS GUARANTEE OF AMOUNTS OWED BY RATHMANN UNDER A PROMISSORY NOTE (COUNT III).**

On or around June 3, 2006, Rathmann executed and delivered to CPA a Promissory Note ("Note"), pursuant to which Rathmann promised to pay CPA $2,000,000.00 with interest thereon agreed to by the parties. (*See* Plaintiffs' Complaint ("Complaint"), at ¶¶ 9-12, 17-19; Affidavit of William J. Sparer ("Sparer Affidavit"), a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein, at ¶¶ 1-5.) In order to induce CPA to accept the Note from Rathmann, contemporaneous to signing the Note, Defendants JRC and PBC ("Guarantors")

executed and delivered to CPA a Guarantee Agreement ("Guarantee"). (*See* Complaint at ¶¶ 43-49; Sparer Affidavit at ¶ 6.) Under the Guarantee, Guarantors jointly, severally, absolutely, irrevocably and unconditionally guaranteed to CPA the payment and performance by Rathmann of all his obligations under the Note. (*Id.*)

Rathmann failed to pay the amounts owed under the Note when due, which constituted an "Event of Default" under the Note for which Rathmann and JRC (under the Guarantee) are liable for all amounts due under the Note, including accrued default interest on the unpaid balance as well as attorneys' fees and costs incurred in enforcing the Note. (*See* Complaint at ¶¶ 17-29; Sparer Affidavit at ¶¶ 7-10; *see also* Defendant, James T. Rathmann's Answer and Affirmative Defenses, at ¶ 25 (admitting that "Notwithstanding said demand, Defendant Rathmann has failed to make payment in full to satisfy the amounts due to Plaintiff CPA under the Note")).

On or around June 19, 2007, CPA notified the Guarantors of Rathmann's default under the Note and made a demand for payment. Neither JRC nor PBC has paid any amounts due under the Note. (*See* Complaint at ¶¶ 24-25; Sparer Affidavit at ¶¶ 7-10.) As of November 20, 2007, the unpaid balance under the Note, owed by JRC under the Guarantee, is $2,181,730.02. (*See* Sparer Affidavit at ¶ 10.)

## II. PLAINTIFF RDG IS ENTITLED TO AN AWARD AGAINST DEFENDANT JRC OF $644,037.00 FOR DAMAGES CAUSED BY BREACHES OF THE AGREEMENT TO DO BUSINESS (COUNT II).

On or around June 3, 2006, Plaintiff RDG and Defendant JRC (along with Defendants Rathmann and PBC) signed and executed an Agreement To Do Business ("ATDB"), under which JRC agreed to certain exclusive-dealing duties. Specifically, while any amounts were owed under the Note, or until October, 2011, whichever occurred last (the "Writing Period"), JRC exclusively authorized RDG to place with an insurer(s) and/or administrator(s) of its choice

all credit life, credit accident, and health insurance business written through the Dealerships (including JRC). (*See* Complaint at ¶¶ 13-15; Sparer Affidavit at ¶¶ 11.) In addition, JRC also agreed that, during the Writing Period, RDG was exclusively authorized to place with an insurer(s) and/or administrator(s) of its choice, at least ninety percent (90%) of all acceptable automobile or truck mechanical repair service agreement business, 100% of all limited warranties, and 100% of all guaranteed asset protection ("GAP") business written through the Dealerships. (*Id.*) Under the ATDB, JRC, PBC and Rathmann also agreed, jointly and severally, to pay RDG certain amounts for each vehicle service contract, each limited warranty, each GAP contract, and each credit life, credit accident, or health insurance policy sold by either PBC or JRC that were not placed through or serviced by RDG as required by the ATDB, and to pay such amounts upon demand by RDG. (*Id.*)

JRC materially breached the ATDB by failing to pay amounts when due and by failing to place the above-referenced products exclusively through RDG. As of November 20, 2007, the amounts owed by RDG over the term of the ATDB are estimated to total $644,037.00. (*See* Sparer Affidavit at ¶¶ 12-13.) PBC also has failed to pay the amounts owed under the ATDB. Because JRC and PBC are jointly and severally liable for amounts owed under the ATDB, JRC is liable for the amounts owed by PBC over the term of the ATDB. At this time, RDG is working to calculate that amount owed by PBC to RDG, and RDG will present this information at the prove-up hearing on November 20, 2007. (*See id.* at ¶ 15.)

### III. PLAINTIFF CPA IS ENTITLED TO AN AWARD AGAINST DEFENDANT JRC OF $862,714.26 FOR DAMAGES CAUSED BY BREACHES OF THE ADMINISTRATIVE AGREEMENTS (COUNT II).

On or around June 3, 2006, Defendant JRC also entered into and executed Administrative Agreements and amendments thereto, and Guaranteed Asset Protection Dealer Agreements and amendments thereto and Credit Insurance Agency Agreements, which are collectively referred to in the Complaint and herein as "Administrative Agreements" with CPA. (*See* Complaint at ¶ 16; Sparer Affidavit at ¶16.) The Administrative Agreements, among other things, provided terms and conditions under which Defendant JRC would sell and issue "Designated Contracts" (for contracts, policies, or certificates sold in accordance with the ATDB) and to pay certain "Administrator charges" to the "Administrator" (which was defined in the Administrative Agreements to include Plaintiff CPA) based on certain "Designated Contract rates." (*See id.*)

JRC failed to pay CPA amounts owed under the Administrative Agreements when due. (*See* Complaint at ¶ 32; Sparer Affidavit at ¶ 20.) As of October 31, 2007, Defendant JRC owes CPA $862,714.26 under the Administrative Agreements. (*Id.* at ¶ 21.)

### IV. PLAINTIFFS ARE ENTITLED TO RECOVER $33,345.02 IN ATTORNEYS' FEES AND COSTS.

Plaintiffs are entitled to attorneys' fees and costs incurred in enforcing their rights under the Note, the Guarantee Agreement, and the Administrative Agreements. (*See* Complaint at ¶¶ 26, 38, 49; Sparer Affidavit at ¶ 22.) It is established under Illinois law (which applies in this case) that attorneys' fees and costs are recoverable if allowed by statute or under the terms of an agreement between the parties. *West Lafayette Corp. v. Taft Contracting Co., Inc.*, 178 F.3d 840, 842 (7th Cir. 1999). Accordingly, Plaintiffs now seek to recover from JRC the reasonable costs, attorneys' fees and expenses that they incurred in enforcing their rights under the above-referenced agreements. Through October 31, 2007, the total amount of attorneys' fees incurred

by Plaintiffs in this matter is $32,283.75; the total amount of costs incurred by Plaintiffs is $1,061.27. The total amount of attorneys' fees and costs incurred by Plaintiffs in this matter, therefore, is $33,345.02, which is reasonable based on the facts and circumstances. (*See* Affidavit of Hillard M. Sterling, a true and correct copy of which is attached hereto as Exhibit 2 and incorporated herein, at ¶¶ 5-8.)

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court to grant this Motion and: (a) award Plaintiffs the damages requested herein; (b) award Plaintiffs the attorneys' fees and costs requested herein; (c) enter final judgment against Jim Rathmann Chevrolet in those amounts; and (d) grant any other relief that the Court deems proper and just.

Respectfully submitted,

**CONSUMER PROGRAM ADMINISTRATORS, INC. and RESOURCE DEALER GROUP, INC. Plaintiffs**

BY: /s/ Audrey L. Brodrick
One of Their Attorneys

Dated: November 16, 2007

William N. Howard, Esq. (No. 6190114)
Hillard M. Sterling, Esq. (No. 6232655)
Audrey L. Brodrick, Esq. (No. 6291420)
Freeborn & Peters LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
(312) 360-6584

#1432493v1

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys of record in the above cause, hereby certifies that (s)he caused a copy of the foregoing **Motion to Award Damages and Enter Judgment Against Defendant Jim Rathmann Chevrolet** to be filed electronically and to be served, via Federal Express overnight delivery, on the individual(s) listed below on the **16th** day of **November, 2007.**

### SERVICE LIST

**James T. Rathmann**
6855 S. Tropical Trail
Merritt Island, FL 32952
321-508-1001

**Jeffrey S. Berlowitz, Esq.**
Phillips, Cantor & Berlowitz, P.A.
4000 Hollywood Boulevard. Suite 375 South
Hollywood, FL 330212


/s/ Audrey L. Brodrick

1422026v2
11/16/07